MARIE J. HENCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hence v. Commissioner
Docket No. 15238-91
United States Tax Court
T.C. Memo 1992-671; 1992 Tax Ct. Memo LEXIS 711; 64 T.C.M. (CCH) 1352; November 19, 1992, Filed An order will be issued denying respondent's motion for sanctions and a decision will be entered for respondent. For Petitioner: Herbert G. Feinson (specially recognized). For Respondent: Dante D. Lucas. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b). [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1989 in the amount of $ 1,830. The issues for decision are: (1) Whether the notice of deficiency is valid; (2) whether petitioner is entitled to certain claimed Schedule C expenses; and (3) whether the Court should impose sanctions pursuant to Rule 33(b) or section 6673(a)(2). FINDINGS OF FACT When this case was called for trial at New York, New York, the parties' respective *712 counsel appeared and announced that they were ready to submit this case to the Court. The parties offered, and the Court received, a stipulation of facts containing three numbered paragraphs with attached exhibits including a copy of the 1989 Federal income tax return and a copy of the notice of deficiency sent to petitioner. Petitioner's counsel advised the Court that there were no questions of fact for trial. Since neither party offered any evidence outside the stipulation and attached exhibits, our findings are based upon the agreed facts. At the time of filing the petition herein, petitioner resided at New York, New York. Petitioner timely filed her 1989 Federal income tax return. Petitioner reported wages in the amount of $ 22,455 from her employment with Doyle Reporting, Inc. On a Schedule C attached to the return, petitioner reported gross income of $ 277, expenses of $ 12,447, and a net loss of $ 12,170. Petitioner listed her Schedule C activity as a musician. [2] In the notice of deficiency dated June 25, 1991, respondent disallowed the claimed Schedule C loss in the amount of $ 12,170. Respondent also made collateral adjustments disallowing itemized deductions and *713 allowing a standard deduction of $ 3,100. In a timely filed petition, [3] petitioner alleges that she is a violinist and that she incurred expenses relating to this activity. The petition also alleges that the expenses related to efforts to find work, to maintain her professional reputation, and home office expenses where she worked and practiced. Paragraphs 7 and 8 of the petition allege as follows: 7. There has been no examination by the Internal Revenue Service of the petitioner's documented expenses. There is no obligation for a taxpayer to submit proof of the expenses that a taxpayer takes on his tax return. His statement on page 3 of the deficiency notice that: "SINCE YOU DID NOT ESTABLISH THAT THE BUSINESS EXPENSE SHOWN ON YOUR RETURN WAS PAID OR INCURRED DURING THE TAXABLE *714 YEAR AND THAT THE EXPENSE WAS ORDINARY AND NECESSARY TO YOUR BUSINESS.[,] WE HAVE DISALLOWED THE AMOUNT SHOWN." is contrary to the requirements of the Internal Revenue Code when a taxpayer files a tax return. The District Director arbitrarily rejected $ 12,170 of petitioner's reported expenses without giving any valid explanation of why he rejected a single expense. 8. There is no merit to the claim of deficiency.
OPINION Petitioner first argues that the notice of deficiency is not valid and that she has no obligation to substantiate *715 claimed deductions. Petitioner's position is clearly incorrect. Respondent determined a deficiency in petitioner's 1989 Federal income tax liability. After an examination of petitioner's 1989 return, respondent sent a notice of deficiency to petitioner. The notice determined an amount of deficiency and explained the adjustments to the 1989 return. Nothing more is required of respondent. , affg. an unpublished order of this Court; , affg. . It is also clear that the determination made by respondent in her notice of deficiency is presumed correct and that the burden of proof is on petitioner to show that the determination made by respondent is wrong. Rule 142(a); ; , affg. . The fact that petitioner chose not to present evidence and submit this case fully *716 stipulated does not alter the burden of proof. Rule 122(b); , affd. . The stipulation and attached exhibits are insufficient to satisfy petitioner's burden of proof. The limited stipulation does not provide any basis to make findings with respect to the propriety of the claimed Schedule C expenses. Petitioner has simply failed in her burden of proof. Respondent also filed a motion for sanctions. While Attorney Feinson's actions in this case are somewhat mystifying, we decline under these circumstances to impose sanctions. [4]
Accordingly, respondent's motion for sanctions will be denied. To reflect the foregoing, An order will be issued denying respondent's motion for sanctions and a decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the space allotted on the Schedule C for "principal bus. code", petitioner reflected "9811", which, according to the instruction booklet, relates to theatrical performers, musicians, agents, producers, and other related services.↩
3. The petition reflects what appears to be a copy of the signature of Herbert G. Feinson as counsel for petitioner. Since the petition did not contain an original signature, attorney Feinson was initially not recognized as counsel in this case. On more than one occasion, the Court recommended that he file an entry of appearance. Mr. Feinson failed to file such document. When he appeared on behalf of petitioner at the trial of this matter, the Court specially recognized him.↩
4. Cf. Harper v. Commissioner, 99 T.C.    ,    ↩ (1992) (slip op. at 28).